IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YVONNE MEADE,

        Plaintiff,

vs.                                     CIVIL NO.  00-95 BB/LFG

CITY OF ALBUQUERQUE; C. WILDER,
C.S. JACOBSEN and G.M. GORAL, City
of Albuquerque Officers, all in their
individual capacities,

        Defendants.

## MEMORANDUM AND ORDER
## ON PRODUCTION OF DOCUMENTS

THIS MATTER is before the Court on an in camera review of the Albuquerque Police Department Internal Affairs files on Defendant Officers Chadwick Wilder, Chris Jacobson and Greg Goral. In accord with the Court's instructions, the files were produced on March 24, 2000 for an in camera review.

### Background

Plaintiff Yvonne Meade ("Meade") sought production of Defendants' Internal Affairs files and Defendants oppose the production. Preliminarily, the Court notes that an individual's interest in preventing disclosure of personal matters by government is well within the zone of privacy protected by the Constitution. Flanagan v. Munger, 890 F.2d 1557, 1570 (10th Cir. 1989)(citing Whalen v. Roe, 429 U.S. 589, 599 & n. 24, 97 S. Ct. 869, 876 & n. 24 (1977)). The due-process clause "[i]mplies an assurance of confidentiality with respect to certain forms of personal information

possessed by the [government]." Mangels v. Pena, 789 F.2d 836, 839 (10th Cir. 1986). However, the right to confidentiality of matters contained in police internal affairs files is not absolute. Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d 432, 435-437 (10th Cir. 1981). So as to consider the proper balance between a plaintiff's right to have access to relevant information and a defendant's right to be free from an intrusive examination into personal matters, the Court ordered production of Defendants' Internal Affairs files for an in camera inspection.

Under Lichtenstein, the Court determines whether the information contained in the Internal Affairs files is so personal or sensitive as to warrant protection and whether the individual's right of privacy is outweighed by some outside compelling interest. The Court must also determine if the requested material is relevant. Id. at 437. Generally, the Court must also consider whether there exists a legitimate expectation of privacy in the matters contained in the file; if the disclosure serves a compelling interest; and whether disclosure can be made in the least intrusive manner. Id. at 435. However, "a complete ban on disclosure of [internal affairs] files is not necessary to protect the government's or the public's interest." Id. at 437.

The documents contained in these files are of the kind and nature that compel the Court to conclude that each Defendant has a legitimate expectancy of privacy in the documents. Flanagan v. Munger. That, however, is not enough. If the documents are relevant and not privileged, and if the Plaintiff's right of access to relevant, discoverable information outweighs Defendants' expectation of privacy, then the documents will be ordered produced.

The papers contained in these files can generally be divided into four categories: (1) documents which are not relevant and their production would not lead to the discovery of relevant, admissible evidence; (2) documents which are relevant, or at least arguably relevant, but whose

2

relevancy is outweighed by Defendants' privacy interests; (3) documents which are relevant and whose relevancy outweighs Defendants' privacy interests; and (4) documents which are relevant, but privileged and, therefore, not subject to production.

## **Chadwick Wilder**

The first group of documents, IA0002-0009, concern a citizen confrontation following Wilder's issuance of a ticket to an illegally parked vehicle. Due to the confrontation, the Court finds that the documents relating to the investigation and disposition of the citizen complaint are relevant or may lead to the discovery of relevant information. The relevancy in reference to these particular documents outweighs Wilder's right of privacy. Moreover, Wilder's privacy interests may be protected by releasing the documents under a standard confidentiality order that limits the use of the documents to this litigation only, and requires return of all documents and copies thereof to Wilder at the conclusion of the litigation.[1] The Court therefore directs that documents IA0002 through IA0009 be produced to Meade within ten days.

Document IA0001 is an index sheet. The Court determines that this document is only marginally relevant. It refers to some of the documents which have already been ordered produced herein. As to the remainder of the document, Wilder's privacy interests outweigh any marginal relevancy, and, therefore, the Court orders that Defendants' objection be sustained.

Documents IA00010 through IA0015 are not relevant to any claim or defense in this litigation. These documents relate to a dog fight and the subsequent destruction of a dog. The Court determines that they are not relevant, nor would their production lead to the discovery of relevant, admissible evidence. Moreover, any marginal relevancy that may be gleaned from these documents

---

[1] All documents ordered produced by this order are subject to this confidentiality provision.

is outweighed by the officer's right of privacy. Accordingly, the Court sustains the objections to documents IA0010 through IA0015.

### **Chris Jacobson**

There is only one document in this file, IA0001, relating to attendance at a hearing. This falls into the first category, that is, documents which are not relevant and their production would not lead to the discovery of relevant, admissible evidence. The Court sustains the objection to document IA0001.

### **Greg Goral**

Documents IA0001 through IA0005 relate to property damage on a police vehicle. This set of documents falls in the first of the four categories, that is, documents which are not relevant and their production would not lead to the discovery of relevant, admissible evidence. Accordingly, the Court sustains Defendants' objection and does not require production of this set of documents.

Documents IA0006 through IA0007 concern attendance at court hearings. These documents are not relevant to any claim or defense, nor would their production lead to the discovery of relevant, admissible evidence. The officer's privacy rights outweigh Meade's need for these documents. The Court sustains the objection and will not require production of IA0006 through IA0007.

Documents IA0008 through IA0013 relate in part to a complaint of improper use of force. Because the claims involve excessive use of force, the Court concludes that these documents are relevant and should be produced, subject to the confidentiality order referred to herein. Accordingly, documents IA0008 through IA0013 should be produced to Meade within ten days.

Documents IA0014 through IA0018 include a citizen complaint concerning the officer's manner, attitude or "lack of sympathy." The Court concludes that these documents fall within the

third category, that is, documents that are relevant and whose relevancy outweighs Defendant's interest in maintaining privacy. The Court orders production of documents IA0014 through IA0018, under the confidentiality provisions noted herein, within ten days.

Documents IA0019 through IA0026 concerns a citizen's complaint that police officers should not assist landlords who evict tenants. There are no allegations of use of force or unlawful arrest. The Court determines that these documents fall into the second category, that is, documents which are relevant or arguably relevant, but whose relevancy is outweighed by Defendant's privacy interests. Therefore, the Court sustains the objection and will not require production of this set of documents.

Finally, documents IA0027 through IA0029 relate to damage to a police vehicle. These documents are not relevant to any issue raised in Meade's claims or Defendant's affirmative defenses, and the production of these documents would not lead to the discovery of relevant, admissible evidence. The Court sustains the objection and will not require production of any of these documents.

All documents ordered produced shall be produced within ten days, and all documents so produced are confidential as noted herein.

                                                  _____
                                                  Lorenzo F. Garcia
                                                  United States Magistrate Judge